IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRONE WOMACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-051 |
| | ) | |
| EDWIN PHILBIN; RUTHIE SHELTON; | ) | |
| DR. ALSTON; CHERL ANN FRAZIR; | ) | |
| MS. SEABROOK; AUGUSTA STATE | ) | |
| MEDICAL PRISON; JOHN DOE 1; | ) | |
| TREATMENT TEAM; CPT. ROACH; | ) | |
| LT. WALKER; LT. LINDER; SGT. RAGER; | ) | |
| SGT. JOHNSON; LT. HARDY; ADA JOHN | ) | |
| DOES; MEDICAL DIRECTOR JANE | ) | |
| DOES; DOOLEY STATE PRISON; | ) | |
| TREATMENT TEAM JOHN | ) | |
| DOES; JANE DOE WARDENS; | ) | |
| JOHNSON STATE PRISON; BRIAN | ) | |
| CHAMBERS; MR. PROSSER; | ) | |
| MS. SALEMN; MS. BRAGGS; MS. BLAIR; | ) | |
| MR. SHIVERS; MS. HUDSON; | ) | |
| MS. ODOM; JOHNSON STATE PRISON | ) | |
| HEAD DOCTOR; and MS. MOSS, | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C.

---

[1] The Court **DIRECTS** the **CLERK** to update the list of Defendants to replace "Dr. Head" with Johnson State Prison Head Doctor, and to correct the spelling of Defendant Prosser's name. (See doc. no. 6, p. 17.)

§ 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.     SCREENING THE AMENDED COMPLAINT

    A.     BACKGROUND

Plaintiff commenced this case by naming fourteen Defendants and submitting over forty-five pages of material to the Court, some of which are barely legible, single-spaced handwritten pages, describing various alleged mistreatment at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, and at JSP. (See doc. no. 1, pp. 5-6, 36-45.) Other pages are typed letters addressed to the Court which are not signed but bear typed signatures which suggest they were not prepared by Plaintiff. (Id. at 21-35.) In an Order dated April 26, 2023, the Court explained Plaintiff must submit an amended complaint and pointed out it was not clear that all of his claims of mistreatment at ASMP and JSP could be properly joined in one lawsuit. (Doc. no. 3, p. 4.)

The Court provided Plaintiff with specific instructions for submitting an amended complaint, including the following:

> [The amended complaint] must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.
>
> . . . .

> If Plaintiff wishes to pursue unrelated claims against Defendants at two separate prisons, he must submit his second set of claims in a separate complaint, along with another motion to proceed *in forma pauperis*.

(Id. at 5-6.)

In response, Plaintiff submitted an amended complaint that increased his total number of Defendants to thirty, many of whom are listed as Jane or John Does. The amended complaint not only still lists Defendants at ASMP and JSP, but also adds claims arising at Dooly State Prison ("DSP"). Problematically, Plaintiff completely disregarded the instructions quoted above concerning the requirement to provide dates and factual details about the alleged misconduct correlated to specific Defendants. (See doc. no. 6.) Rather, Plaintiff again provides a disjointed description of multiple mental and physical issues which he maintains have not been properly addressed. Other than stating the names of prisons where he has been incarcerated, Plaintiff mentions only two of his thirty Defendants by name in his statement of claim, and then it is only to say he got into an argument with Defendant Seabrook and the "head doctor" at JSP lied to Plaintiff about providing timely medical care. (Id. at 12, 13.) The amended complaint also fails to demonstrate the relatedness of claims arising at ASMP and JSP, let alone does it demonstrate the relatedness of the additional claims alleged to have occurred at DSP.

The Court must take all of Plaintiff's factual allegations as true for purposes of the present screening, but the Court can determine only that Plaintiff has multiple mental and physical issues that have persisted throughout his incarceration at ASMP, JSP, and DSP.[2] Multiple prison officials at prisons located throughout Georgia, and in various Divisions of

---

[2] At one point, Plaintiff states that "even to think about it," he is unhappy with his treatment at "Valdosta Jackson ever[y] prison I been to. . . ." (Doc. no. 6, p. 14.)

3

the Southern District, have not provided the medical care Plaintiff believes is necessary. (See generally id.)

B.  DISCUSSION

1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting

4

Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court"). Although the Court gives a liberal construction to *pro se* pleadings, *pro se* litigants are nevertheless required to conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Furthermore, to properly raise a claim, a

pleading must associate the purported constitutional violation with a specific defendant. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Here, Plaintiff's amended complaint does not make any allegations associating any of the individual Defendants with purported constitutional violations.  Contrary to the Court's instructions directing Plaintiff to provide dates and factual details about the alleged misconduct correlated to specific Defendants, Plaintiff's amendment is a rambling recitation of alleged mental and physical ailments and a general statement of his dissatisfaction with his treatment at every institution where he has been incarcerated.  Plaintiff states he has been "lock[ed] up since 2008," (doc. no. 6, p. 12), but the only specific dates of contested treatment are in 2023, (id. at 13).  Even as to the 2023 contested treatment, the only mention of one out of thirty Defendants, "the Head doctor at Johnson Prison," is that this individual promised Plaintiff timely treatment that was not provided.  (Id.)  As to the only other named Defendant mentioned in the statement of claim, Ms. Seabrook, Plaintiff states only that he got into an argument with her on some unidentified date.  (Id. at 12.)  Such conclusory allegations - devoid of specific factual detail connecting Defendants to the alleged wrong – does not comply with the Court's prior Order and does not satisfy minimum pleading requirements.  Plaintiff's conclusory "the-defendants-unlawfully-harmed-me accusations" will not suffice.  See Iqbal, 556 U.S. at 678; see also Roberts v. Houston Cnty. Superior Ct., No. 20-14857, 2021 WL 6099478, at *3-4 (11th Cir. Dec. 23, 2021) (*per curiam*) (affirming dismissal of pro se complaint that failed to provide specific facts about what defendant did or failed to do and

subsequent attempt to add facts failed "to specify which individuals allegedly violated [plaintiff's] rights and when her rights were allegedly violated").

Moreover, the amended complaint violates the basic pleading requirements of Federal Rule of Civil Procedure 8, which requires Plaintiff to proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks. It also violates the tenets of Rule 10(b), which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which

7

>   of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.
>
>   . . . .
>
>   The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court provided Plaintiff with specific instructions on how to amend his complaint with factual details in separately numbered paragraphs with only one act of misconduct per paragraph and instructed Plaintiff should include dates, names, and locations of particular actions. (Doc. no. 3, p. 5.) The Court also explained the original complaint was unclear as whether the allegations of wrong-doing at ASMP and JSP were sufficiently, factually related. (Id. at 4.) Yet, when given the opportunity to clarify his claims, Plaintiff doubled-down on adding even more sweeping, conclusory issues, as well as Defendants, across additional geographical locations, *i.e.*, a quintessential shotgun pleading that includes a litany of complaints, fails to specify which defendant did what, and includes a combination of seemingly unrelated claims in violation of Fed. R. Civ. P. 20.

In sum, Plaintiff's amended complaint is a shotgun pleading which should be dismissed. See Abdulla v. So. Bank, No. 22-12037, 2023 WL 2988135, at *2 (11th Cir. Apr. 18, 2023) (*per curiam*) (affirming dismissal of amended complaint as shotgun pleading where amendment contained "numerous conclusory, vague, and immaterial facts"); Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Indeed, it is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending,[3] and having been given an opportunity to cure pleading deficiencies to no avail, Plaintiff's conclusory allegations should be dismissed. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D. Ga. Feb. 4, 2022) (Baker, J.) (dismissing federal claims after

---

[3]The crux of Plaintiff's claims appears to be that he has been continuously denied proper medical treatment throughout his term of incarceration, including at his current prison. Thus, while some claims dating back to his original date of confinement in 2008 may be time-barred, it appears Plaintiff may still timely re-file § 1983 claims about medical treatment for his continuing medical issues should he choose to do so. See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies).

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of June, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA